**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY AFFONSO, | No. 12-16250 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-5054-PJH |
| v. | |
| METROPOLITAN LIFE INSURANCE CO., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted May 16, 2014
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and SELNA, District Judge.[**]

Gary Affonso appeals from the judgment of the district court granting

summary judgment to Metropolitan Life Insurance Company ("MetLife") in this

Employee Retirement Income Security Act ("ERISA") action arising from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

MetLife's partial denial of benefits to Mr. Affonso under his wife, Nance's, supplemental life insurance policy. We have jurisdiction under 28 U.S.C. § 1291. Reviewing *de novo*, *Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1088 (9th Cir. 2012), we affirm.

The unambiguous Morgan Stanley Benefits Plan ("Plan") terms limited Nance Affonso's eligibility for supplemental life insurance coverage to $500,000 based on her benefits eligible earnings of $53,017.73, even though the Benefits Center website permitted her to apply for $1,000,000 of coverage. The Summary Plan Description and the 2010 Benefits Enrollment Highlights booklet, both available to Mrs. Affonso, clearly limited coverage to "a maximum of the lesser of ten times [the employee's] Benefits Eligible Earnings . . . or $5,000,000." The Certificate of Insurance issued by MetLife contained the same limitation. This clear coverage limitation and the Affonsos' knowledge of it was affirmed by Plan representatives, who repeatedly told the Affonsos they would be contacted to adjust discrepancies in Mrs. Affonso's application. Most tellingly, Mrs. Affonso was sent a letter confirming the Plan's supremacy over other representations.

Because the coverage limitation was unambiguous, Mr. Affonso's conditional receipt, waiver, and equitable estoppel defenses fail. *Cf. Gaines v. The Sargent Fletcher, Inc. Group Life Ins. Plan*, 329 F. Supp. 2d 1198, 1216–23 (C.D.

Cal. 2004) (finding defenses applicable because benefits plan language was ambiguous). The deduction of a premium at the $1,000,000 coverage level at most confirms Mrs. Affonso was covered when she died, but does not negate the clear limitation on her coverage. *Cf. Gaines*, 329 F. Supp. 2d. at 1221–23 (where plan language about approval and evidence of good health was ambiguous and premiums were deducted, waiver and estoppel prohibited insurer from arguing applicant was not covered).

**AFFIRMED.**